**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**EMILY GAVRIAN**   CASE NO.:

    Plaintiff,

vs.

**TRANSUNION, LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; AND MOUNTAIN RUN SOLUTIONS, LLC.,**

    Defendants.   JURY TRIAL DEMANDED
_____/

**COMPLAINT**

Plaintiff, Emily Gavrian (hereinafter "Plaintiff"), by and through the undersigned counsel, sues Defendants, Trans Union, LLC (hereinafter "TransUnion"), Experian Information Solutions, Inc. (hereinafter "Experian") and Mountain Run Solutions, LLC (hereinafter "MRS") (hereinafter collectively "Defendants") and in support thereof respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Florida Consumer Collection Practices Act ("FCCPA"), F.S. § 559.72 *et seq.*

**PRELIMINARY STATEMENT**

1. The FCRA was enacted to promote accuracy, fairness, and privacy of consumer information contained in the files of consumer reporting agencies, and in doing so, promote the efficiency and public confidence in the banking system.

2. The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

3. Defendants have violated the FCRA with respect to Plaintiff by failing to correct inaccuracies on her credit report.

4. MRS has violated the FDCPA and FCCPA by attempting to collect on a debt that is outside of the applicable statute of limitations and by communicating with a debtor that is known to be represented by an attorney with respect to such debt.

5. Plaintiff brings claims for statutory, actual, and punitive damages against Defendants for their inaccurate reporting, for their failure to investigate Plaintiff's disputes of that inaccurate reporting and against MRS for their violative debt collection practices.

## JURISDICTION AND VENUE

6. The jurisdiction for this Court is conferred by 28 U.S.C. § 1331 as this action involves violation of the FCRA.

7. Venue is proper in this District as Plaintiff residents in this District, the violations described in this Complaint occurred in this District, and the Defendants transact business within this district. 28 U.S.C. § 1391(b)(2).

## PARTIES

8. Plaintiff is a natural person and resident of the State of Florida, residing in Hillsborough County, Florida.

9. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c), 15 U.S.C § 1692a(3) and Fla. Stat. § 559.55(8).

10. The debt in question in this matter is a consumer debt.

11. TransUnion is a foreign limited liability company with its principal place of business in Chicago, Illinois and is authorized to do business in the State of Florida, including the Middle District, through its registered agent, The Prentice-Hall Corporation System, Inc., 1201 Hays Street, Tallahassee, FL 32301.

12. TransUnion is a "consumer reporting agency" as defined in 15 USC § 1681a(f).

13. TransUnion is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d) to third parties.

14. TransUnion disburses such consumer reports to third parties under contract for monetary compensation.

15. Experian is a foreign Public Limited Company, with its principal place of business in Costa Mesa, California and is authorized to do business in the State of Florida, including the Middle District, through its registered agent, CT Corporation System, 1200 South Pine Island Rd., Plantation, FL 33324.

16. Experian is a "consumer reporting agency" as defined in 15 USC § 1681a(f).

17. Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d) to third parties.

18. Experian disburses such consumer reports to third parties under contract for monetary compensation.

19. MRS is a corporation with its principal place of business located at 313 East 1200 Street, Suite 102, Orem, UT 84058, authorized to conduct business in the State of Florida

through its registered agent, Florida Registered Agent LLC, located at 7901 4th Street North, Suite 300, St. Petersburg, FL 33702.

20. MRS is a debt collector as defined by the FDCPA and the FCCPA.

21. MRS is a "furnisher" of credit information as defined in 15 U.S.C. § 1681-s2(a) and (b).

## FACTUAL ALLEGATIONS

22. In the summer of 2020, Plaintiff discovered that MRS was attempting to collect a debt from her regarding a "Monitronics" alarm system account. The Account Number ended in 1928.

23. Around the same time, during the summer of 2020, Plaintiff received correspondence from Monironics advising that the Account Number ended in 1928 had been purchased by MRS in August of 2019.

24. Upon information and belief, the debt associated with the Account Number ended in 1928 relates to an Alarm Monitoring Agreement entered into by Plaintiff and Platinum Protection on or about February 19, 2011.

25. The alarm system installed pursuant to the Alarm Monitoring Agreement did not operate and Plaintiff refused to make further payments due to Platinum Protection's failures to repair the system.

26. Upon information and believe, the Platinum Protection accounts receivable was assigned to Monitronics, who later assigned the same to MRS.

27. The debt MRS is attempting to collect on is well outside the appliable statute of limitations. *Fla. Stat*. §95.11(2)(b).

28. Pursuant to the FDCPA, on August 31, 2020, Plaintiff sent MRS a debt verification letter in an effort to learn more about the debt it was attempting to collect.

29. MRS did not response to the August 31, 2020 debt verification letter. Mountain Run did not provide Plaintiff with any information regarding the alleged debt, and refused to cease its collection efforts.

30. Plaintiff also discovered that MRS was furnishing false and derogatory information about her to credit reporting agencies, including Experian and TransUnion.

31. In September 2020, Plaintiff then disputed the account with Experian and TransUnion.

32. In October 2020, Experian and TransUnion responded to Plaintiff's dispute by verifying the inaccurate information being furnished by MRS.

33. MRS verified the inaccurate information it is furnishing to Experian and TransUnion about Plaintiff as well.

34. Toward the end of October 2020, Plaintiff sent another dispute to Experian and TransUnion.

35. Again, Experian and TransUnion responded to Plaintiff's dispute by verifying the inaccurate information being furnished by MRS.

36. MRS, again, verified the inaccurate information it is furnishing to Experian and TransUnion about Plaintiff as well.

37. To date, Mountain Run continues to furnish false information about Plaintiff to credit bureaus and continues to attempt to collect an invalid debt from Plaintiff.

38. To date, Experian continues to report false information about the MRS account on Plaintiff's credit report.

39. To date, TransUnion continues to report false information about the MRS account on Plaintiff's credit report.

40. Neither Experian, TransUnion nor MRS conducted any meaningful investigation into Plaintiff's dispute.

41. Plaintiff's credit score has dropped significantly due to the actions and/or inactions of the Defendants.

42. Plaintiff has wasted countless hours of her personal time dealing with this problem to no avail.

43. Plaintiff has suffered from unnecessary and unwanted stress, frustration, and anger as a result of the action and/or inaction of the Defendants.

44. Due to the inaccurate reporting, Plaintiff has been damaged in the form of higher interest rates on other debts she has taken on, to include loans from Prosper and Discover.

**CAUSES OF ACTION**

**COUNT I**
**TRANSUNION'S VIOLATION OF 15 U.S.C. § 1681e(b)**

45. Plaintiff re-alleges and reincorporates paragraphs 1 through 44, as if fully set forth herein.

46. TransUnion is subject to and violated the provisions of 15 U.S.C. §1681e(b), by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credits reports and credit files published and maintained concerning Plaintiff.

47. TransUnion willfully and/or negligently failed to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit report.

48. The inaccuracies included in Plaintiff's credit report are due to TransUnion's failure to follow reasonable procedures to assure the maximum possible accuracy of her credit file.

49. Specifically, had TransUnion conducted a reasonable investigation to determine whether the disputed information was inaccurate, TransUnion would have discovered that the contents of Plaintiff's dispute letter were correct and accurate.

50. Plaintiff has suffered injury which was caused by the inclusion of this inaccurate information on her credit report.

51. TransUnion's actions were a direct and proximate cause, as well as a substantial factor in, the serious injuries, damages and harm to Plaintiff.

**WHEREFORE**, Plaintiff requests the following relief:

   i. Find TransUnion in violation of 15 U.S.C. §1681e(b);

   ii. Award any actual damages to Plaintiff as a result of TransUnion's violations;

   iii. Award any additional damages, as the Court may allow, in an amount not to exceed $1,000.00 for each such violation;

   iv. Award any punitive damages, as the Court may allow;

   v. Award the costs of the action, together with any attorney's fees incurred in connection with such action as the Court may deem to be reasonable under the circumstances; and

   vi. Award such other relief as this Court deems just and proper.

## COUNT II
### TRANSUNION'S VIOLATION OF 15 U.S.C. § 1681i(a)(1)

52. Plaintiff re-alleges and reincorporates paragraphs 1 through 44, as if fully set forth herein.

53. TransUnion is subject to, and violated the provisions of, 15 U.S.C. §1681i(a)(1), by failing to conduct reasonable re-investigations of Plaintiff's disputes to determine whether the

disputed information was inaccurate and by failing to subsequently update the inaccurate information in Plaintiff's credit reports and credit file.

54. Specifically, TransUnion willfully and/or negligently refused to properly re-investigate Plaintiff's consumer reports upon receiving Plaintiff's disputes, as described herein.

55. Had TransUnion conducted a reasonable re-investigation to determine whether the disputed information was inaccurate, TransUnion would have discovered that the contents of Plaintiff's dispute letters were correct and accurate.

56. Such reporting is false and evidences TransUnion's failure to conduct reasonable re-investigations of Plaintiff's disputes.

57. TransUnion's re-investigation of Plaintiff's disputes was not conducted reasonably.

58. TransUnion's re-investigations of Plaintiff's disputes were not conducted in good faith and are unreasonable.

59. TransUnion's re-investigations of Plaintiffs disputes were not conducted using all information reasonably available to TransUnion.

60. TransUnion's re-investigations were per se deficient by reason of these failures in TransUnion's re-investigations of Plaintiff's disputes.

**WHEREFORE**, Plaintiff requests the following relief:

    i. Find TransUnion in violation of 15 U.S.C. §1681i(a)(1);

    ii. Award any actual damages to Plaintiff as a result of TransUnion's violations;

    iii. Award any additional damages, as may be allowed, in an amount not to exceed $1,000.00 for each such violation;

    iv. Award any punitive damages, as the Court may allow;

      v.    Award the costs of the action, together with any attorney's fees incurred in connection with such action as may be deemed to be reasonable under the circumstances; and

      vi.    Award such other relief as this Court deems just and proper.

## COUNT III
## TRANSUNION'S VIOLATION OF 15 U.S.C. § 1681i(a)(4)

61. Plaintiff re-alleges and reincorporates paragraphs 1 through 44, as if fully set forth herein.

62. TransUnion is subject to, and each violated the provisions of, 15 U.S.C. §1681i(a)(4), by failing to review and consider all relevant information received in Plaintiff's disputes.

63. Had TransUnion reviewed and considered all information received in Plaintiff's disputes, TransUnion would have discovered that the Plaintiff the alleged debt was outside of the appliable statute of limitations. TransUnion willfully and/or negligently failed to review and consider all information received in Plaintiff's disputes.

64. TransUnion's failure to review and consider all information received in Plaintiff's disputes, constitute negligent or willful noncompliance with the FCRA.

65. TransUnion's failure to review and consider all information received in Plaintiff's disputes, was done in bad faith.

**WHEREFORE**, Plaintiff requests the following relief:

    i.    Find TransUnion in violation of 15 U.S.C. §1681i(a)(4);

    ii.    Award any actual damages to Plaintiff as a result of TransUnion's violations;

    iii.    Award any additional damages, as may be allowed, in an amount not to exceed $1,000.00 for each such violation;

    iv.    Award any punitive damages, as the Court may allow;

    v.    Award the costs of the action, together with any attorney's fees incurred in connection with such action as may deemed to be reasonable under the circumstances; and

    vi.    Award such other relief as deemed just and proper.

## COUNT IV
## TRANSUNION'S VIOLATION OF 15 U.S.C. § 1681i(a)(5)

66. Plaintiff re-alleges and reincorporates paragraphs 1 through 44, as if fully set forth herein.

67. TransUnion is subject to, and violated the provisions of, 15 U.S.C. §1681i(a)(5), by failing to update or delete any information that was the subject of Plaintiff's dispute as inaccurate or that could not be verified.

68. Specifically, despite receiving Plaintiff's dispute letter, TransUnion willfully and/or negligently failed to update or delete the inaccurate information on Plaintiff's report.

69. TransUnion's actions were a direct and proximate cause of, as well as a substantial factor in, Plaintiffs' injuries, damages, and harm as more fully stated herein.

**WHEREFORE**, Plaintiff requests the following relief:

    i.    Find TransUnion in violation of 15 U.S.C. §1681i(a)(5);

    ii.    Award any actual damages to Plaintiff as a result of TransUnion' violations;

    iii.    Award any additional damages, as the Court may allow, in an amount not to exceed $1,000.00 for each such violation;

    iv.    Award any punitive damages, as the Court may allow;

      v.      Award the costs of the action, together with any attorney's fees incurred in connection with such action as the Court may deem to be reasonable under the circumstances; and

Award such other relief as this Court deems just and proper

## COUNT V
## EXPERIAN'S VIOLATION OF 15 U.S.C. § 1681e(b)

70. Plaintiff re-alleges and reincorporates paragraphs 1 through 44, as if fully set forth herein.

71. Experian is subject to and violated the provisions of 15 U.S.C. §1681e(b), by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

72. Experian willfully and/or negligently failed to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit report.

73. The inaccuracies included in Plaintiff's credit report are due to Experian's failure to follow reasonable procedures to assure the maximum possible accuracy of her credit file.

74. Specifically, had Experian conducted a reasonable investigation to determine whether the disputed information was inaccurate, Experian would have discovered that the contents of Plaintiff's dispute letter were correct and accurate.

75. Plaintiff has suffered injury which was caused by the inclusion of this inaccurate information on her credit report.

76. Experian's actions were a direct and proximate cause, as well as a substantial factor in, the serious injuries, damages and harm to Plaintiff.

**WHEREFORE**, Plaintiff requests the following relief:

      i.      Find Experian in violation of 15 U.S.C. §1681e(b);

    ii. Award any actual damages to Plaintiff as a result of Experian's violations;

    iii. Award any additional damages, as the Court may allow, in an amount not to exceed $1,000.00 for each such violation;

    iv. Award any punitive damages, as the Court may allow;

    v. Award the costs of the action, together with any attorney's fees incurred in connection with such action as the Court may deem to be reasonable under the circumstances; and

    vi. Award such other relief as this Court deems just and proper.

## COUNT VI
## EXPERIAN'S VIOLATION OF 15 U.S.C. § 1681i(a)(1)

77. Plaintiff re-alleges and reincorporates paragraphs 1 through 44, as if fully set forth herein.

78. Experian is subject to, and violated the provisions of, 15 U.S.C. §1681i(a)(1), by failing to conduct reasonable re-investigations of Plaintiff's disputes to determine whether the disputed information was inaccurate and by failing to subsequently update the inaccurate information in Plaintiff's credit reports and credit file.

79. Specifically, Experian willfully and/or negligently refused to properly re-investigate Plaintiff's consumer reports upon receiving Plaintiff's disputes, as described herein.

80. Had Experian conducted a reasonable re-investigation to determine whether the disputed information was inaccurate, Experian would have discovered that the contents of Plaintiff's dispute letters were correct and accurate.

81. Such reporting is false and evidences Experian's failure to conduct reasonable re-investigations of Plaintiff's disputes.

82. Experian's re-investigation of Plaintiff's disputes was not conducted reasonably.

83. Experian's re-investigations of Plaintiff's disputes were not conducted in good faith and are unreasonable.

84. Experian's re-investigations of Plaintiff's disputes were not conducted using all information reasonably available to Experian.

85. Experian's re-investigations were per se deficient by reason of these failures in Experian's re-investigations of Plaintiff's disputes.

**WHEREFORE**, Plaintiff requests the following relief:

i. Find Experian in violation of 15 U.S.C. §1681i(a)(1);

ii. Award any actual damages to Plaintiff as a result of Experian's violations;

iii. Award any additional damages, as may be allowed, in an amount not to exceed $1,000.00 for each such violation;

iv. Award any punitive damages, as the Court may allow;

v. Award the costs of the action, together with any attorney's fees incurred in connection with such action as may be deemed to be reasonable under the circumstances; and

vi. Award such other relief as this Court deems just and proper.

## COUNT VII
## EXPERIAN'S VIOLATION OF 15 U.S.C. § 1681i(a)(4)

86. Plaintiff re-alleges and reincorporates paragraphs 1 through 44, as if fully set forth herein.

87. Experian is subject to, and each violated the provisions of, 15 U.S.C. §1681i(a)(4), by failing to review and consider all relevant information received in Plaintiff's disputes.

88. Had Experian reviewed and considered all information received in Plaintiff's disputes, Experian would have discovered that the alleged debt is outside the appliable statute of

limitations. Experian willfully and/or negligently failed to review and consider all information received in Plaintiff's disputes.

89. Experian's failure to review and consider all information received in Plaintiff's disputes, constitute negligent or willful noncompliance with the FCRA.

90. Experian's failure to review and consider all information received in Plaintiff's disputes, was done in bad faith.

**WHEREFORE**, Plaintiff requests the following relief:

i. Find Experian in violation of 15 U.S.C. §1681i(a)(4);

ii. Award any actual damages to Plaintiff as a result of Experian's violations;

iii. Award any additional damages, as may be allowed, in an amount not to exceed $1,000.00 for each such violation;

iv. Award any punitive damages, as the Court may allow;

v. Award the costs of the action, together with any attorney's fees incurred in connection with such action as may deemed to be reasonable under the circumstances; and

vi. Award such other relief as deemed just and proper.

## COUNT VIII
### EXPERIAN'S VIOLATION OF 15 U.S.C. § 1681i(a)(5)

91. Plaintiff re-alleges and reincorporates paragraphs 1 through 44, as if fully set forth herein.

92. Experian is subject to, and violated the provisions of, 15 U.S.C. §1681i(a)(5), by failing to update or delete any information that was the subject of Plaintiff's dispute as inaccurate or that could not be verified.

93. Specifically, despite receiving Plaintiff's dispute letter, Experian willfully and/or negligently failed to update or delete the inaccurate information on Plaintiff's report.

94. Experian's actions were a direct and proximate cause of, as well as a substantial factor in, Plaintiffs' injuries, damages, and harm as more fully stated herein.

**WHEREFORE**, Plaintiff requests the following relief:

 i. Find Experian in violation of 15 U.S.C. §1681i(a)(4);

 ii. Award any actual damages to Plaintiff as a result of Experian's violations;

 iii. Award any additional damages, as may be allowed, in an amount not to exceed $1,000.00 for each such violation;

 iv. Award any punitive damages, as the Court may allow;

 v. Award the costs of the action, together with any attorney's fees incurred in connection with such action as may deemed to be reasonable under the circumstances; and

 vi. Award such other relief as deemed just and proper.

## COUNT IX
### MRS' VIOLATION 15 U.S.C. §1681s-2(b)

95. Plaintiff re-alleges and reincorporates paragraphs 1 through 44, as if fully set forth herein.

96. MRS violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate Plaintiff's dispute; by failing to review all relevant information regarding same; by failing to accurately respond to TransUnion and Experian; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the debt at issue to the consumer reporting agency.

97. MRS violated 15 U.S.C. §1681s-2(b) by continuing to furnish inaccurate information to TransUnion and Experian after MRS had been notified that the information was inaccurate.

98. MRS violated 15 U.S.C. §1681s-2(b) by continuing to furnish inaccurate information to TransUnion and Experian that MRS knew was inaccurate.

99. As a result of this conduct, action and inaction of MRS, Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials and increased interest charges.

100. MRS' conduct, action, and inaction was willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

101. Plaintiff is entitled to recover attorney's fees and costs from MRS, in an amount to be determined by the Court, pursuant to 15 U.S.C. § 1681n and § 1681o.

**WHEREFORE** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, MRS, for statutory damages, actual damages, punitive damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

### COUNT X
### MRS' VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

102. Plaintiff re-alleges and incorporates paragraphs 1 through 44 above as if fully set forth herein.

103. At all times relevant Mountain Run was obligated to comply with the FDCPA.

104. MRS violated 15 U.S.C. § 1692 f (1) by attempting to collect a debt not authorized by agreement or permitted by law.

105. Specifically, MRS is attempting to collect a debt that is outside of the appliable statute of limitations, pursuant to *Fla. Stat*. 95.11(2)(b).

106. As a result of the actions or inactions of MRS, Plaintiff suffered the damages described in this Complaint.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against MRS for statutory damages, actual damages, punitive damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT XI
## MRS' VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

107. Plaintiff re-alleges and incorporates paragraphs 1 through 44 above as if fully set forth herein.

108. At all times relevant to this action MRS is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

109. MRS violated subsection (5) of the FCCPA by disclosing information regarding Plaintiff's reputation with knowledge or reason to know that the information is false.

110. MRS violated subsection (9) of the FCCPA by attempting to collect a debt that is barred by the appliable statute of limitations and is not legitimate.

111. MRS' actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against MRS for statutory damages, actual damages, punitive damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendants and demands that Defendants and their affiliates safeguard all relevant evidence—Electronically Stored Information, paper, electronic documents, or data—pertaining to this litigation.

Dated: March 2, 2021

Respectfully submitted,

**KASS SHULER PA**
1505 N. Florida Ave.
Tampa, FL 33602
Tel: 813-229-0900
Fax: 813-229-3323
Email: mschwartz@kasslaw.com

By:    /s/ Matthew L. Schwartz
       Matthew L. Schwartz
       Fla. Bar. No. 15713